No. 96-494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

FLATHEAD COUNTY and THE FLATHEAD CITY-
COUNTY BOARD OF HEALTH,

Plaintiffs and Respondents,

v.

ALAN D. ENGEBRETSON,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District, In and for the County of
Flathead, The Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Terry Wallace, Missoula, Montana

For Respondents:

Dennis J. Hester, Deputy County Attorney, Kalispell, Montana

Allen P. Lanning, Conklin, Nybo, LeVeque & Murphy, P.C., Great Falls,
Montana

FILED

Filed:   APR 15 1997

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs: March 20, 1997
Decided:  April 15, 1997

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

Flathead County and the Flathead City-County Board of Health (Plaintiffs) filed a complaint and injunction against Alan Engebretson for violating zoning (Count I), flood plain (Count II), and sewage treatment regulations (Count III). Engebretson counterclaimed for malicious prosecution. The Eleventh Judicial District Court, Flathead County, granted summary judgment to Plaintiffs on Counts II, III, and the counterclaim. The court also ordered Engebretson to remove his trailer from the property and denied his motions for summary judgment. Engebretson appeals. We affirm.

We restate the issues raised on appeal as follows:

1.      Did the District Court properly find that Engebretson built a structure without a permit on the hundred-year flood plain?

2.      Did the District Court properly find that Engebretson altered or operated a sewage system without a permit and constructed and maintained a dwelling attached to an unpermitted sewage system?

3.      Did the District Court properly find that Gray was not employed by Flathead County?

2

## BACKGROUND

Flathead County adopted flood plain regulations requiring a permit before new construction, substantial improvements, or alterations to structures are undertaken. The Flathead City-County Board of Health adopted regulations that apply to sewage treatment systems in Flathead County, except municipal systems, and require a permit before a person constructs, alters, repairs, or operates a sewage treatment system. The regulations also make it unlawful to construct or maintain any dwelling without a sewage treatment system approved by the City-County Health Department.

In 1992, Engebretson moved a trailer onto property located in Flathead County, Montana. The property, designated as Tract 2AB, is classified as "R-1 Suburban Residential," which prohibits, without a conditional use permit, the use of temporary buildings or structures. Tract 2AB is also located on the one-hundred year flood plain of the Stillwater River.

Engebretson began constructing a temporary structure around his trailer. Glen Gray, a sanitarian for the Flathead City-County Board of Health, informed Engebretson that the continued use of his property violated sewage regulations. Several months later, because Engebretson had not taken corrective action and the property was still occupied, Gray informed the Flathead County Attorney, who charged Engebretson with violations of zoning, flood plain, and sewage treatment regulations. These charges were dropped and replaced by this complaint and injunction.

3

At the commencement of the civil proceedings, Engebretson had not obtained a flood plain development permit for the placement of his trailer, or for the completed structure surrounding it. Nor had he obtained a permit for construction or operation of the sewage system serving the trailer. During the District Court proceedings, a dispute arose as to whether Engebretson had removed his trailer from Tract 2AB, or if it had been disassembled during construction of the surrounding structure. The issue remains unresolved and is not before this Court.

After Plaintiffs filed their complaint, Engebretson counterclaimed for malicious prosecution. Plaintiffs filed an amended complaint alleging, in addition to the counts contained in the original complaint, that Engebretson's construction of the temporary structure around his trailer without a conditional use permit was illegal. Plaintiffs moved for summary judgment on Counts II and III, and the counterclaim. Engebretson opposed Plaintiffs' motion for summary judgment on Counts II and III, and the counterclaim. He also filed a motion for summary judgment on Counts I, II, III, and on his counterclaim, which Plaintiffs opposed.

The District Court granted Plaintiffs' motion for summary judgment on Counts II and III, Engebretson's counterclaim, ordered Engebretson to vacate the trailer and surrounding structure, and denied Engebretson's motion for summary judgment on Counts I, II, III, and his counterclaim. Engebretson appealed the order granting Plaintiffs' motion for summary judgment on Counts II and III, and his counterclaim. Because Count I of Plaintiffs' amended

4

complaint had not been disposed of, this Court remanded the appeal to allow Engebretson to obtain Rule 54(b), M.R.Civ.P., certification. The District Court certified that final judgment on all issues except Count I had been entered. We address the issues certified by the District Court as final.

## DISCUSSION

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court reviews a district court's grant of summary judgment de novo, applying the same Rule 56(c) criteria used by a district court. Carelli v. Hall (Mont. 1996), 926 P.2d 756, 759, 53 St.Rep. 1116, 1117. The moving party has the initial burden of establishing the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Once the moving party satisfies its initial burden, then the burden shifts to the party opposing summary judgment to present evidence raising a genuine issue of material fact. Carelli, 926 P.2d at 759-60. Mere denial or speculation is insufficient to raise a genuine issue of material fact. Richland Nat. Bank & Trust v. Swenson (1991), 249 Mont. 410, 417, 816 P.2d 1045, 1050.

1.  Did the District Court properly find that Engebretson built a structure without a permit on the hundred-year flood plain?

Engebretson argues that there exists a genuine issue of material fact as to whether his structure is located on a hundred-year flood plain. In their motion for summary judgment, Plaintiffs submitted the affidavit of Eric Mulcahy, Flathead County Floodplain Coordinator, who stated that Tract 2AB is classified as being within the one-hundred year flood plain of

5

the Stillwater River. The District Court also relied on the results of an elevation survey that establish the elevation of Tract 2AB is within the flood plain at the location of Engebretson's trailer.

Engebretson presented no facts to the contrary, other than unsupported allegations that he believed his trailer was located outside of the flood plain. It is undisputed that Engebretson placed a trailer on Tract 2AB and built a structure around it without a flood plain permit. We hold that the District Court did not err when it granted summary judgment in favor of Plaintiffs on Count II and denied Engebretson's motion for summary judgment on Count II.

2.     Did the District Court properly find that Engebretson altered or operated a sewage system without a permit and constructed and maintained a dwelling attached to an unpermitted sewage system?

Engebretson argues that there exists a genuine issue of material fact as to whether he is operating an unpermitted sewage system. He claims that his father obtained a permit in 1975. Engebretson presented no affidavit from his father concerning the claimed permit. Nor did he submit a copy of the permit. Gray explained in his deposition that a sewage permit was not issued for Tract 2AB in 1975 or any time thereafter. Engebretson's unsupported assertions are insufficient to raise a genuine issue of material fact.

Engebretson also argues that because the use of Tract 2AB was continuous, he is permitted to attach his trailer to a previous sewage system. This argument fails because Engebretson did not provide evidence that his father obtained a permit for the previous

6

sewage system. We hold that the District Court properly granted summary judgment to Plaintiffs and denied Engebretson's motion for summary judgment on Count III.

3.     Did the District Court properly find that Gray was not employed by Flathead County?

One of the six elements a plaintiff must prove in a malicious prosecution is that the defendant was responsible for litigating, prosecuting, or continuing the proceeding. Davis v. Sheriff (1988), 234 Mont. 126, 130, 762 P.2d 221, 224. The District Court found that Gray was not an employee of Flathead County, and therefore, the County could not be held responsible for his conduct. Engebretson argues that the court erred when it found that Gray was an employee of the City-County Board of Health, rather than an employee of Flathead County, because Gray stated in his deposition, "I'm the sanitarian with the Flathead County Health Department."

Gray's statement from his deposition does not create a genuine issue of material fact. In his deposition, Gray clarified that he worked for the Flathead City-County Health Department. Because there is nothing to indicate that the County is Gray's employer and is responsible for his conduct, Engebretson has not established a genuine issue of fact as to whether Gray was responsible for litigating, prosecuting, or continuing the proceeding against him. The District Court properly granted summary judgment in favor of Plaintiffs. We hold that the District Court did not err when it granted summary judgment to Plaintiffs on Engebretson's malicious prosecution counterclaim and denied summary judgment to Engebretson on his counterclaim.

7

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

8